July 20, 2004

Susan M. Poswistilo, Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210

Re:   United States v. Christopher Custer; Criminal No. 04-CR-10098 WGY
      Defendant Christopher Custer's Request for Additional Discovery

Dear Ms. Poswistilo:

Pursuant to Local Rule 116.3(A), defendant Christopher Custer requests that the government provide him with information pertaining to and/or copies of each of the items listed below.  As used throughout these requests, the term "government" includes all branches of the Justice Department, including the Bureau of Prisons, as well as all state, local and federal police, investigative and prosecutorial agencies involved in any way in the investigation and prosecution of the crimes charged in the indictment.

1.   Copies of all recordings made by the Plymouth House of Correction of conversations between Christopher Custer's co-defendant Manuel Mendes and Mr. Custer which have not been previously produced.

2.   Copies of all transcripts of recordings and/or composite tapes that have been prepared in connection with the investigation and indictment of Christopher Custer and/or any of his co-defendants which have not been previously provided.

3.   All documents and objects that Christopher Custer and/or any of his co-defendants must be permitted to inspect or copy or photograph upon request per Fed. R. Crim. P. 16(a)(1)(E) which have not been previously provided in prior disclosures.  Specifically, Christopher Custer requests all books, papers, documents, data, photographs, tangible objects, photographs of or access to buildings or places, or copies or portions of any of these items, if the item is with the government's possession, custody or control and: (i) the item is material to preparing the defense of Christopher Custer or any of his co-defendants; (ii) the government intends to use the item in its case-in-chief at trial against Christopher Custer or any of the other defendants; or (iii) the item was obtained from or

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 2

belongs to Christopher Custer and/or any of his co-defendants. The government's response to this request should include any and all surveillance photographs taken in connection with the investigation of Christopher Custer and/or any of his co-defendants which have not been previously produced.

4.    All reports of examinations and tests that Christopher Custer and/or any of his co-defendants must be permitted to inspect and to copy or photograph upon request per Fed. R. Crim P. 16(a)(1)(F) which have not been previously provided in prior disclosures. Specifically, Christopher Custer requests copies of the results or reports of any physical or mental examination and of any scientific test or experiment to the extent: (i) the item is within the government's possession, custody or control; (ii) you know, or through due diligence, could know, that the item exists; and (iii) the item is material to preparing the defense of Christopher Custer or any of his co-defendants and/or the government intends to use the items in its case-in-chief at trial. The government's response to this request should include the laboratory analysis of the narcotics seized on March 16, 2004 which form the basis of Count 1 of the indictment. The government's response should also include any voice analysis that has been performed on any recording, on whatever medium, made in connection with the investigation of Christopher Custer and/or any of his co-defendants.

5.    Statements of all prospective government witnesses. As used herein, the term "statement" means "statement" as it is used and defined in 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.

6.    Transcripts of all grand jury testimony taken in connection with the indictment of Christopher Custer and/or any of his co-defendants. See Fed. R. Crim. P. 6(e)(3)(E)(i).

7.    Copies of all contemporaneous notes, memoranda, statements, reports, surveillance logs, tape recordings, and other documents which have not been previously provided memorializing matters relevant to the charges contained in the indictment made by or in the custody of any law enforcement officer whose agency formally participated in an investigation intended, in whole or in part, to result in a federal indictment against Christopher Custer, any of his co-defendants, or any other person who was or is considered to have been part of the conspiracy charged in the indictment.

8.    A general description, including the approximate date, time, and place of any crime, wrong, or act the government proposes to offer in evidence against

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 3

Christopher Custer and/or against any of his co-defendants pursuant to Fed. R. Evid. 404(b).

9. A list of all prospective government witnesses.

10. A list of all persons with information relevant to the investigation and/or indictment of Christopher Custer and/or any of his co-defendants, but whom the government does not anticipate calling as a witness at trial.

11. A list of documents the government proposes to introduce into evidence at trial against Christopher Custer and/or against any of his co-defendants.

12. Copies of any and all documents or information that in any manner, shape, or form support the allegation that Christopher Custer knowingly and intentionally conspired to distribute, and to possess with the intent to distribute, cocaine as charged in Count I of the indictment.

13. Copies of any and all documents and/or other information that supports the allegation that Christopher Custer at any time joined a conspiracy to distribute, and to possess with the intent to distribute, cocaine as charged in Count I of the indictment.

14. Copies of any and all documents sufficient to show when Christopher Custer joined a conspiracy to distribute, and to possess with the intent to distribute, cocaine as charged in Count I of the indictment.

15. Copies of any and all written statements and the substance of oral statements made by all unindicted coconspirators.

16. The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to the defendant.

17. The defendants request any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 4

been an alcoholic. *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

18.  The defendant requests the name of any witness who has made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979).

19.  The defendant requests disclosure of any statement that may be "relevant" to any possible defense or contention that he might assert. *U.S. v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements by percipient witnesses.

20.  In addition to the discovery the government is obligated to produce under Local Rule 116.1(c)(1)(f), defendants request disclosure of the following information concerning all identifications and/or identification procedures conducted during the investigation of this matter:

   (a)   the names and addresses of all persons asked to attempt to identify a person in an identification procedure conducted by or known to the government;

   (b)   the result of each such identification procedure, including without limitation, identification of the defendant, failure to identify anyone, or identification of someone other than a defendant as being or most closely resembling the perpetrator of the charged offense, see *United States v. Ash*, 413 U.S. 300, 318-19 (1973) ("[s]election of the picture of a person other than the accused, or the inability of a witness to make any selection, will be useful to the defense in precisely the same manner that the selection of a picture of the defendant would be useful to the prosecution);

   (c)   the method of identification, for example, photographic display, corporeal display, voice identification, etc. *Untied States v. DeJesus-Rios*, 990 F.2d 672, 678 (1st Cir. 1993) (impermissibly suggestive show-up procedure);

   (d)   the name of the person(s) who conducted each identification procedure and all persons present during it;

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 5

    (e)    the date and location of each identification procedure;

    (f)    the specific photographs or depictions of people used in each and every identification procedure, see *Stovall v. Denno*, 388 U.S. 293, 302 (1967) (the size of the photo array or line-up directly affects the suggestivity of an identification procedure;

    (g)    the name, address and date of birth of each individual who was photographically or corporeally involved in each identification procedure;

    (h)    the names and addresses of all eyewitnesses who provided information regarding the individual(s) sought to be identified;

    (i)    the specific description of the individual(s) sought to be identified and the date the description was given; and

    (j)    all discrepancies among descriptions made by eyewitnesses to the individual(s) sought to be identified and the actual appearance of a defendant.

21.    In addition to the exculpatory material the government is obligated to produce pursuant to Local Rule 116.2, defendants request that the government disclose all exculpatory evidence as that term in discussed and defined in *Kyles*, supra, *Brady v. Maryland*, 373 U.S. 83, 87, (1963), *Giglio v. United States*, 405 U.S. 150 (1972); *Osorio*, supra, *United States v. Bagley*, 473 U.S. 667, 674-675 (1985), U.S. 419, 437 (1995) and *Owens*, supra.

The exculpatory evidence defendants request with respect to each government witness in this case includes, but is not limited to, the following:

(a)    Criminal Records.

All information about each witness' arrest and conviction record, criminal activity and misconduct, including, but not limited to:

    (1)    The full record (including certified copies) of federal or state convictions, whether misdemeanor or felony. Defendant requests the court to order the government to obtain such criminal records (other than for law enforcement witnesses, and witnesses such as record-keepers). See *Davis v. Alaska*, 415 U.S. 308, 316 (1974);

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 6

>  *Ouimette v. Moran*, 942 F.2d 1, 12 (1st Cir. 1991) ("'[N]o matter more material than a complete record of the State's star witness…to be used for demonstrating the unworthiness of belief of his testimony… .'");

(2) All information known to the government of conduct which constitutes a crime under federal or state law for which the witness could be prosecuted. See *Osorio*, 929 F.2d at 756-58; *Owens*, 933 F. Supp at 88;

(3) All full statement of all criminal prosecutions and investigations against any prospective witness and of all civil or administrative actions or investigations against the witness, regardless of whether or not these cases are the subject of promises, rewards or inducements, see *United States v. Bonanno*, 430 F.2d 1060, 1062 (2d Cir.) (requiring disclosure of indictment of witnesses so that defendant could investigate all promises), cert. denied, 400 U.S. 964 (1970);

(4) A full statement of whether any witness was, at any time during the investigation or prosecution of this case, on probation, parole, supervised release or some other form of government supervision, or had any criminal charges outstanding, see *Davis*, 415 U.S. at 317; and

(5) The prison records of any witness who has been incarcerated in federal or state prison.

Authority. *Kyles*, 115 S.Ct. at 1572; *Davis*, 415 U.S. at 316-17; *Osorio*, 929 F.2d at 758 (government shall have disclosed information that key witness had engaged in extensive drug trafficking for which he had not been charged); *Alford v. United States*, 282 U.S. 687, 693 (1931) (prior criminal conduct is relevant where the witness may have been promised or believed that his cooperation would lead to immunity); *Devose v. Norris*, 867 F. Supp. 836, 849 (E.D. Ark. 1994) (conviction reversed where government failed to disclose prior disciplinary action against witness for theft and making false statements to supervisor and prosecuting attorney while employed as a police officer).

(b) Promises, rewards and inducements.

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 7

A complete statement of all promises, rewards, or inducements of any kind made to any prospective witness in this case, whether made in connection with this case or in any case, including, without limitation, the following:

(1) All information regarding all assurances, express or implied, by the government that it will give or consider giving charge, sentencing or other assistance to a witness (or to a relative, friend, or associate) facing actual or possible criminal charges or non-criminal sanctions, and all suggestions or recommendations that any state government or any other official agency do so. The information provided should include the nature of the offense, the court in which the charge is pending, the docket number, and a detailed description of the assistance given;

(2) All statements made during negotiations as to what the government might or might not do depending upon the witness' cooperation;

(3) All requests for payment or promises, rewards, and inducements, or favorable treatment of any kind, made by all witnesses, whether or not such requests were agreed to by the government;

(4) All statements in the government's possession, custody or control made by all witnesses regarding all promises, rewards and inducements, or favorable treatment of any kind, the witnesses expect to receive or are trying to obtain, whether or not the government has agreed to provide such promises, rewards, inducements and treatment; and

(5) All information regarding all threats or promises made to each witness or his family to motivate his cooperation.

Authority. *Kyles*, *Brady* and *Giglio*; *United States v. Drougas*, 748 F.2d 8, 23 (1st Cir. 1984) ("[e]vidence relating to the impeachment of prosecution witnesses and immunity or other preferential treatment…is deemed to be exculpatory within the meaning of the *Brady* rule"); *Owens*, 933 F. Supp. at 87 ("The government has to reveal all promises, rewards and inducements to include the *quid* for the *quo*. And if the *quid pro quo* involves other sovereigns, of course that must be revealed"); *Snell*, 899 F. Supp. at 22 ("[P]romises, rewards and inducements -- both classic *Brady* and is specifically mentioned in the Local Rules"); *United States v. Partin*, 493 F. 2d 750, 757-60 (5th Cir. 1974) (proper impeachment to

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 8

question an witness about the dropping of charges against or other preferential treatment given to his family).

(c)  Payments to witnesses.

All past, anticipated, and foreseeable payments by the government or any law - enforcement agency of money or other things of value to a witness (other than routine witness fees) for information or other assistance provided to the government or other such agency, and all written records of same. Specifically with respect to all cooperating witnesses, defendant requests all ledgers, receipts, vouchers, and other documents which describe the sums paid in any form to or for the benefit of the cooperating witness or his family in this and any other case in which the cooperating witness assisted any federal, state or local governmental agency.

Authority. *United States v. Cervantes-Pacheco*, 826 F.2d 310, 315-16 (5th Cir. 1987) ("[t]he government must also make a complete and timely disclosure to the accused of the fee arrangement it has made with the informant"), *cert. denied*, 484 U.S. 1026 (1988). *United States v. Williams*, 954 F.2d 668, 671-72 (11th Cir. 1992) ("jury has a right to know what may be motivating a witness" even if "the amount [of money] paid an informant is felt by the government to be too prejudicial").

(d)  Special Arrangements.

All special arrangements made or facilitated by the government, including but not limited to any special treatment or assistance given to any witness while incarcerated or in connection with or during all debriefings by government investigators and attorneys.

(e)  Credibility.

All information bearing upon the credibility of all witnesses, including, without limitation:

(1)  all inconsistent statements by a witness, see *Kyles*, 115 S.Ct. at 1569-71; Owens, 933 F. Supp. at 87; *United States v. Pellulo*, 14 F. 3d 881, 886 (3rd Cir. 1994) ("an IRS memorandum detailing an interview with [a witness] which set forth facts inconsistent with the testimony of [the witness]…qualifies as *Brady* evidence);

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 9

(2)  all false statements made by a witness (or omissions of material facts) during the course of interviews by law enforcement officials, see *Kyles*, 115 S.Ct. at 1571-73;

(3)  all bias, prejudice, hostility, personal interest, financial interest or special relationship that could cause the witness to testify in favor of the government or against any defendant, *see Kyles*, 115 S.Ct. at 1571-72; *Owens*, 933 F. Supp. at 87; *Snell*, 899 F. Supp. at 23; *United States v. Cooper*, 662 F. Supp. 913, 99 (D.R.I. 1987);

(4)  all evidence of poor memory, in general or with respect to the events in question, including any statements by a witness concerning same;

(5)  all physical, mental, visual, or psychiatric treatments and/or impairments and treatment (including legal or illegal use of drugs and excessive use of alcohol) which could affect the witness' accuracy, and full details concerning same, *see Pennsylvania v. Ritchie*, 480 U.S. at 60-61 (evidence of a witness' emotional impairment is discoverable); *United States v. Barrett*, 766 F.2d 609, 615-16 (1st Cir.) (evidence of psychiatric treatment), *cert. denied*, 474 U.S. 923 (1985); *United States v. Butt*, 955 F.2d 77, 82 (1st Cir. 1992) (mental instability); *United States v. Collins*, 472 F.2d 1017, 1018-19 (5th Cir. 1972)(drug or alcohol addiction or abuse), *cert. denied*, 411 U.S. 983 (1973); *United States v. Fowler*, 465 F.2d 664, 665-66 (D.C. Cir. 1972) (same).

(6)  all results of all scientific or quasi-scientific tests, such as polygraphs, which fail to conclude that a witness has been completely truthful with respect to any statement, *see Jacobs v. Singletary*, 952 F.2d 1282 (11th Cir. 1992) (government's failure to disclose witness's polygraph testimony which significantly clashed with his testimony at trial was *Brady* violation);

(7)  all evidence that a witness has a poor reputation for telling the truth or has engaged in any conduct probative of untruthfulness, *see Kyles*, 115 S.Ct. at 1572;

(8)  all information tending to show a motive for any witness to curry favor with government; and

(9)  all information tending to show that a witness has a relationship with any other witness, informant or government agent.

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 10

(f)  Inconsistent Statements.

All inconsistent statements between different witnesses concerning any facts material to the investigation, defense or prosecution.  *See Kyles*, 115 S.Ct. at 1569-71; *Owens*, 933 F.Supp. at 87.

(g)  Law Enforcement Personnel.

All information about whether any law-enforcement agent participating in the investigation or trial of this case has been the subject of an investigation for disciplinary action or criminal prosecution, or the subject of disciplinary action or criminal prosecution, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.

Authority.  *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1976) (error to foreclose discovery of undercover agent's disciplinary records relating to his use of narcotics and failure to submit to urinalysis); *Brooks*, 966 F.2d at 1503 (government's duty to produce exculpatory material extended to local police department's homicide and Internal Affairs Division files); *United States v. Henthorn*, 931 F.2d at 31 (government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

(h)  Promises, rewards and inducements to witnesses.

All promises, rewards or inducements offered, and all threats made, to each witness in order to elicit information from that defendant.

(i)  Contradictory Information.

All evidence tending to undercut in any way the credibility of the government's evidence or of the allegations in the indictment, or contradicts in any way the allegations set forth in the indictment.

Susan M. Poswistilo, Assistant U.S. Attorney
July 20, 2004
Page 11

      If you have any question, please call me at 617-367-7984.

                Sincerely,

                /s/ Mark D. Smith

MDS/cad