UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MANUEL MENDES, CHRISTOPHER T. CUSTER, CARMEN FIGUEROA, DESIREE ALVES, WILLIAM TEJEDA, and JENNIFER PAVAO,<br><br>Defendants. | 04-cr-10098-WGY |

### DEFENDANT CHRISTOPHER T. CUSTER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUPPRESS EVIDENCE OBTAINED FROM 18 MURPHY ROAD, HYANNIS, MASSACHUSETTS

Introduction

Defendant Christopher Custer ("Custer") has been indicted with one count each of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base. Custer hereby moves to suppress all evidence, including but not limited to cocaine and other narcotics, a gray brinks safe, rifle, and all other property and items obtained as a result of a search conducted at his residence at 18 Murphy Road, Hyannis, Massachusetts on or about March 16, 2004. As grounds for his Motion, Custer states that the search warrant was not supported by probable cause and therefore the evidence in question was obtained as the result of unreasonable and unconstitutional searches and seizures in violation of Custer's Fourth and Fourteenth Amendment rights.

Facts Relevant to Suppression

On or about March 16, 2004, authorities conducted a search of Custer's residence at 18 Murphy Road, Hyannis, Massachusetts. As a result of the search, several items were seized,

including but not limited to cocaine and other narcotics, a safe, a rifle, several swords, jewelry, and other personal items. These items were purportedly seized pursuant to a search warrant. (A copy of the Search Warrant and Return is attached hereto as Exhibit A). The warrant was issued pursuant to the Affidavit of Task Force Agent Sean E. Balcom. (A copy of the Affidavit is attached hereto as Exhibit B).

Argument

### I. ALL EVIDENCE SEIZED FROM 18 MURPHY ROAD MUST BE SUPPRESSED BECAUSE THE SEARCH WARRANT WAS NOT SUPPORTED BY PROBABLE CAUSE

A search warrant must be supported by probable cause. In issuing the warrant, the issuing judicial officer must have had, based on the totality of the circumstances, a substantial basis for finding a fair probability of contraband or other evidence of a crime would be found in the place searched. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983). The affidavit supporting the warrant issued in this case does not contain sufficient facts to establish that there is probable cause to believe that contraband or other evidence would be found at 18 Murphy Road. See Exhibit B. Paragraphs 34-40 of the affidavit contain information on the government's alleged observations of Custer departing the residence, proceeding to other homes or locations where drug transactions were allegedly taking place and illegally intercepted telephone conversations concerning alleged criminal activity. Nowhere in the affidavit are there any factual statements that the officers observed Custer transporting drugs or other contraband into the house.

Moreover, the good faith exception should not apply to this search. Suppression is appropriate if the issuing judicial officer was misled by information in the affidavit, if the judicial officer abandoned his or her judicial role, or if the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely

unreasonable." *United States v. Leon*, 468 U.S. 897, 923 (1984). The warrant application in this case lacked any indicia of probable cause to believe that Custer kept drugs at 18 Murphy Road. Therefore, the good faith exception does not apply.

### Conclusion and Request for Hearing

WHEREFORE, Custer requests that all physical evidence seized as a result of the search of 18 Murphy Road be suppressed. In the alternative, Custer requests a hearing to resolve any disputed issues of fact. Custer respectfully submits that the admission of tangible property is a preliminary question and, as such, requires a factual hearing outside of the jury's presence and sufficiently in advance of trail so as to allow the defendant to adequately prepare for trial if necessary. *See Jackson v. Denno*, 378 U.S. 368 (1984).

CHRISTOPHER T. CUSTER,

By his attorney,

/s/ Mark D. Smith
Mark D. Smith, BBO# 542676
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
(617) 367-7984

Dated: March 17, 2005

3