UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MANUEL MENDES, CHRISTOPHER T. CUSTER, CARMEN FIGUEROA, DESIREE ALVES, WILLIAM TEJEDA, and JENNIFER PAVAO,<br><br>Defendants. | 04-cr-10098-WGY |

## DEFENDANT CHRISTOPHER T. CUSTER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUPPRESS EVIDENCE

### Introduction

Defendant Christopher Custer ("Custer") has been indicted with one count each of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base. Custer hereby moves to suppress all evidence, including but not limited to cocaine, currency, a black bag, cellular telephones and other personal property of Custer, obtained as a result of a warantless stop and search of his person and a motor vehicle in which Custer was a passenger on or about March 16, 2004. As grounds for his Motion, Custer states that the evidence in question was obtained as the result of unreasonable and unconstitutional searches and seizures in violation of Custer's Fourth and Fourteenth Amendment rights.

### Facts Relevant to Suppression

On or about March 16, 2004, Custer was a passenger in an automobile driven by Catalin Canelo ("Canelo") on Madison Avenue in New York City. (See Form DEA-6 dated March 29, 2004, attached hereto as Exhibit A). The car was stopped by Special Agent Robert Garcia ("S/A

Garcia"). Custer and Canelo were placed under arrest and transported to the NYFD. The authorities searched the car and seized the following items: a) a black bag containing 500 grams of suspected cocaine; b) $15,300 from the glove compartment; c) a black plastic bag containing $12,000 of the $15,300; and d) a Nextel cellular telephone. (See Exhibit A) (See also DEA Form 7, Report of Drug Property Collected, Purchased or Seized dated March 22, 2004, attached hereto as Exhibit B). The authorities did not have a search warrant to search the car.

After Custer was transported to the NYFD and during his processing, authorities seized the following personal property from his person, including a) one Nextel cellular telephone; b) miscellaneous papers and personal property, including $292 in cash; and c) a wallet, including business cards and Custer's driver's license. (See Exhibit A). The authorities did not have a warrant to search Custer's person and he did not give consent to the search.

## Argument

### I. ALL EVIDENCE SEIZED PURSUANT TO THE SEARCH OF THE CAR MUST BE SUPPRESSED BECAUSE IT WAS SEIZED IN VIOLATION OF CUSTER'S FORTH AMENDMENT RIGHTS

Warrantless searches are "per se unreasonable under the Fourth Amendment – subject only to a few specifically established exceptions." *Mincey v. Arizona*, 437 U.S. 385, 390 (1978), *quoting Katz v. United States*, 389 U.S. 347, 357 (1967). A traffic stop, by definition, embodies a detention of the vehicle and its occupants and therefore constitutes a search and seizure within the meaning of the Fourth Amendment. *New York v. Class*, 475 U.S. 106, 112 (1986) (defendant does not surrender his Fourth Amendment rights once he enters an automobile); *United States v. Chhien*, 266 F.3d 1, 5 (1st Cir. 2001); *United States v. Kimball*, 25 F.3d 1, 5 (1st Cir.1994) (stating that such a stop affects an occupant's interest in freedom from random, unauthorized, investigatory seizures). There generally exists a legitimate expectation of privacy in various

areas within an automobile, including the trunk, glove compartment, closed containers in the interior, and the areas under the seats. (cite). Moreover, officers must have a warrant to search an automobile unless there is a valid exception to the warrant requirement. *Mincey*, 437 U.S. at 390. It is the prosecution's burden to demonstrate that the warrantless search falls within a recognized exception to the warrant requirement. *United States v. Lewis*, 816 F. Supp. 789, 792 (D. Mass. 1993), *citing, United States v. Cruz Jimenez*, 894 F.2s 1, 6 (1st Cir. 1990).

### A.   Custer has standing to contest the car stop and seizure

As a threshold matter, Custer's status as a passenger in the car does not deprive him of standing to challenge the stop and the search. In order to contest a search or seizure on Fourth Amendment grounds, one must have a legitimate expectation of privacy in area searched and the property seized. *Rawlings v. Kentucky*, 448 U.S. 98, 104-05 (1980); *United States v. Salvucci*, 448 U.S. 83, 92 (1980). Property rights are "neither the beginning nor the end of the inquiry." *Salvucci*, 448 U.S. at 91; *see also Rawlings*, 448 U.S. at 105 (notions of concepts of property law should not determine one's ability to claim Fourth Amendment protection). Ownership of the property or area searched is simply one factor to be considered. *See United States v. Romain*, 393 F.3d 63, 69 (1st Cir. 2004) (holding that overnight guest in an apartment has legitimate expectation of privacy in the host's abode); *United States v. Sugar*, 322 F. Supp. 2d 85, 94 (D. Mass. 2004) (stating that persons who borrow cars generally have standing to challenge searches of borrowed vehicles).

In *United States v. Kimball*, the First Circuit emphasized that when a police officer effects an investigatory stop of a vehicle, "all occupants of that vehicle are subjected to a seizure, as defined by the Fourth Amendment." *Kimball*, 25 F.3d at 5. "The fact that a defendant is a passenger is a vehicle as opposed to the driver is a distinction of no consequence in this context."

3

*Id.* Once the car is stopped, the passenger is no more free to leave the scene than the driver and suffers the same restriction in his freedom of movement as the driver. *Id.* Therefore, because the passenger is subjected to the same demands and control of the police officer as the driver and as the stop equally affects the passenger's interests, he has standing to challenge the stop of the vehicle. *Id.*; *see also United States v. Woodrum*, 202 F.3d 1, 5-6 (1st Cir. 2000) (stressing that each occupant of a car has the right to challenge the propriety of a traffic stop under the Fourth Amendment). It therefore follows that if the initial stop by the officer is unlawful, evidence seized by virtue of that stop is subject to exclusion under the "fruits of the poisonous tree" doctrine. *Id.* at 506, citing *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963).

As a passenger in the vehicle, therefore, Custer has standing to challenge the unlawful stop and the admission of evidence seized as a result on Fourth Amendment grounds. This conclusion does not change on account of the United States Supreme Court's decision in *Rakas v. Illinois*, which held that an automobile passenger did not have a legitimate expectation of privacy to challenge a search of the automobile. 439 U.S. 128 (1978). The *Rakas* decision was limited to the issue of whether the passenger's legitimate expectation of privacy was invaded by a *search* of the vehicle, and not the stop thereof. This case, like *Kimball*, is distinguishable in that Custer seeks to challenge the unlawful stop of the car. 25 F.3d at 5 & n.3.

### B.   The initial car stop was unlawful

The officer's initial stop of the car was unlawful. The officer did not have reasonable suspicion that the vehicle's occupants were committing, had committed or were about to commit a crime. *United States v. Hensley*, 469 U.S. 221, 226 (1985); *Terry v. Ohio*, 392 U.S. 1 (1968). The only basis for the stop was the observation by the authorities of Custer and Tejeda exiting the car, Custer getting back in the front seat of the car, and Tejeda walking away carrying a

4

plastic bag. (See Exhibit A). The *Terry* standard, however, requires specific and articulable facts which reasonably warranted the intrusion. *Terry*, 392 U.S. at 21. An officer must be able to articulate more than an "inchoate and unparticularized suspicion or 'hunch'" of criminal activity. *Terry*, 392 U.S. at 27. Therefore, the absence of articulable facts warranting the intrusion renders the initial stop unlawful. Moreover, any traffic violations or actions of the car's occupants allegedly observed by the officers were a pretext for conducting an investigation for which the officers lacked probable cause or reasonable grounds to stop the car and seize Custer and Canelo. Accordingly, all physical evidence obtained and statements made by Custer as a result of the stop are "fruits of the poisonous tree" and must be suppressed. *Wong Sun v. United States*, 371 U.S. 471 (1963).

### C. There were no exigent circumstances to justify the search of the vehicle

Even if the initial stop of the car was valid, the continued search was conducted without a warrant and without probable cause and was therefore unlawful. Warrantless searches of automobiles are justified only when there is probable cause to believe that the car contained contraband and exigent circumstances associated with the car. *Carroll v. United States*, 267 U.S. 132, 153 (1925). The government has failed to sustain its burden of proving that the warrantless search fell within a recognized exception to the warrant requirement. *United States v. Lewis*, 816 F. Supp. at 792. Moreover, even if probable cause exists to stop a car, there is still a reasonableness requirement on the issue of approaching and searching the car.

Therefore, all physical evidence seized from the car must be suppressed because the seizure was not supported by probable cause and the search of the vehicle was not reasonable.

5

## Conclusion and Request for Hearing

WHEREFORE, for the foregoing reasons, Custer respectfully requests that his Motion be granted. In the alternative, Custer requests a hearing to resolve any disputed issues of fact. Custer respectfully submits that the admission of tangible property is a preliminary question and, as such, requires a factual hearing outside of the jury's presence and sufficiently in advance of trail so as to allow the defendant to adequately prepare for trial if necessary. *See Jackson v. Denno*, 378 U.S. 368 (1984).

CHRISTOPHER T. CUSTER,

By his attorney,

/s/ Mark D. Smith
Mark D. Smith, BBO# 542676
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
(617) 367-7984

Dated: March 11, 2005

## CERTIFICATE OF SERVICE

I, Mark Smith, attorney for Defendant Christopher T. Custer hereby certify that on this date I served the within Memorandum of Law in Support of Motion to Suppress Evidence by causing a copy to be delivered by regular mail, postage prepaid, to:

Thomas J. Ford, Esq.
141 Tremont Street
Suite 400
Boston, MA 02111

John LaChance, Esq.
600 Worcester Road
Suite 501
Framingham, MA 01701

Page Kelley, Esq.
Federal Defenders
408 Atlantic Avenue
Boston, MA 02210

David J. Apfel, Esq.
Goodwin Procter, LLP
Exchange Place
53 State Street
Boston, MA 02109

Michael C. Andrews, Esq.
Law Offices of Michael C. Andrews
21 Custom House Street
Suite 920
Boston, MA 02110

Susan Poswistilo, Esq.
United States Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210

Mark Smith
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
(617) 367-7984

Dated: March 1_, 2005

7