UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. |
| | ) | 04-10098-WGY |
| v. | ) | |
| | ) | |
| WILLIAM TEJEDA, | ) | |
| | ) | |
| Defendant | ) | |

UNITED STATES MEMORANDUM IN OPPOSITION TO
DEFENDANT CUSTER'S MEMORANDUM REGARDING
APPLICABILITY OF CRACK GUIDELINES

The United States of America, by its attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, opposes the motion of the defendant, Christopher
Custer, to sentence defendant Custer according to the statutory
and guidelines provisions for cocaine powder as opposed to crack
cocaine.

STATEMENT OF THE CASE

On or around April 20, 2005, the grand jury returned a
Second Superseding Indictment, charging Custer and five co-
defendants with conspiracy "to distribute, and to possess with
intent to distribute, cocaine base, also known as 'crack
cocaine,' a Schedule II controlled substance," in violation of
Title 21, United States Code, Sections 841 and 846.  The Second
Superseding Indictment also alleged that the conspiracy involved
50 grams or more of "cocaine base, also known as 'crack
cocaine,'" thereby invoking the maximum penalty of life, and a
ten year minimum mandatory term of imprisonment, as set forth in

Title 21, United States Code, Section 841(b)(1)(A)(iii).

**A**

**The indictment properly placed defendant on notice that he was charged with an offense involving more than 50 grams of "cocaine base, also known as 'crack cocaine.'"**

Defendant argues that crack must be charged in the indictment under the authority of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  He argues that the government failed to do so, and therefore his maximum sentencing exposure is capped at twenty years.  In essence, his argument is:

- the government charged cocaine base
- while the statute says cocaine base, it really means crack
- failure to specify crack in the indictment requires sentencing under powder statute.

Defendant's argument is erroneous both factually and legally.

From a factual standpoint, the government properly placed the defendant on notice through the indictment that he was alleged to have conspired to distribute and distributed "cocaine base, also known as 'crack cocaine,' a Schedule II controlled substance . . . ."  Superseding Indictment, Docket 80.  This activity "involved 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as 'crack cocaine,' a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(a)(A)(iii).  <u>Id</u>. That section of the Code refers to "50 grams or more of a mixture

2

or substance described in clause (ii) which contains cocaine base" and provides for "a term of imprisonment which may not be less than 10 years or more than life . . . ."

Therefore, from a purely factual standpoint, defendant's argument fails. The government properly through the indictment placed the defendant on notice of the nature of the charges (conspiracy), the substance (crack cocaine), and the mandatory minimum and maximum sentence that applied (10 years to life), together with the statutory reference. Nothing further is required.

From a legal standpoint, as defendant effectively concedes, defendant's argument is wholly without merit. While some circuit courts of appeal have interpreted "cocaine base" as set forth in 21 U.S.C. § 841 to refer only to the form of cocaine base known as crack cocaine, the First Circuit has considered and *affirmatively rejected* that approach. In United States v. Medina, 04-2527 (1st Cir. Oct. 25, 2005), the First Circuit recognized that there is conflict among the circuits on the topic of whether "cocaine base" in 21 U.S.C. § 841 refers to "cocaine base," as the words themselves indicate, or refers to only to the crack cocaine. The First Circuit stated:

> The question whether the statute regulates only possession of crack or whether its rule encompasses other forms of cocaine base is the subject of some debate and of a conflict among the circuits. See, e.g., United States v. Edwards, 397 F.3d 570, 575-77 (7th

3

> Cir.2005) (describing split). *In this*
> *circuit, however, it is settled that 21*
> *U.S.C. § 841 regulates exactly what its terms*
> *suggest: the possession of any form of*
> *"cocaine base."* <u>United States v. Lopez-Gil</u>,
> 965 F.2d 1124, 1134 (1st Cir.1992) (opinion
> on rehearing); <u>see also</u> <u>United States v.</u>
> <u>Richardson</u>, 225 F.3d 46, 49 (1st Cir.2000).
> Crack is a form of cocaine base and so is
> among the substances regulated by the
> statute, *but the government is not required*
> *to prove that the substance involved in a*
> *given case is crack in order to secure a*
> *conviction under it.*

<u>Medina</u>, 04-2527 (1st. Cir. Oct. 25, 2005)(found at 2005 WL
2740828, *3) (emphasis supplied). In the face of this
unambiguous binding precedent, defendant's legal argument is
foreclosed.

**B**

**The Government Properly Alleged the Statutory Factors in the Indictment**

As set forth above, the government properly set forth all
statutory factors in the indictment. The defendant was properly
placed on notice of the nature of the drug that drives the
statute (cocaine base, <u>see</u> <u>United States v. Medina</u>, <u>Medina</u>, 04-
2527 (1st Cir. Oct 25, 2005)(2005 WL 2740828, *3). Therefore,
this argument fails as a matter of fact and law.

**C**

**The Admissions in the Guilty Plea are Relevant**

As demonstrated above in Section A, the statutory drug at
issue is "cocaine base," and therefore Custer's plea of "guilty"

to the clerk's question regarding "conspiracy with intent to distribute more than 50 grams of cocaine base" ends the question of which statutory sentencing range applies.  He has admitted to his guilt of an offense in which the statutory sentencing range, under the statute cited in the indictment, is a "term of imprisonment which may not be less than 10 years or more than life . . . ."  <u>See</u> 21 U.S.C. § 841(b)(1)(A)(iii), cited in Superseding Indictment, Docket 80.  <u>See also</u> Argument Section A, <u>supra</u>.

Moreover, there is no legal question that his admissions during the colloquoy are binding.  Under <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005)**,** the Court noted that a defendant's admissions satisfy the <u>Apprendi</u> requirement facts which enhance a statutory sentence must <u>*either*</u> be proven to a jury or be admitted by a defendant:

> We reaffirm our holding in <u>Apprendi</u>: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a guilty plea or a jury verdict *must be admitted by the defendant <u>or</u> proved to a jury beyond a reasonable doubt.*

<u>Booker</u>, 125 S.Ct. at 756.

In this case, the government has made the requisite statutory allegation in the indictment to trigger the sentencing provision of ten years to life, and the defendant has admitted that he conspired to distribute more than 50 grams of crack.

Accordingly, the only fact which remains to be proven for sentencing is the amount of crack beyond 50 grams which the defendant was responsible for.

<u>**CONCLUSION**</u>

Based upon the First Circuit's opinion in <u>Medina</u>, Defendant's arguments have no merit, and his motion should be denied.

Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:   /s/ Nancy Rue
SUSAN M. POSWISTILO
NANCY RUE
Assistant U.S. Attorneys