```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____
United States of America      )
                              )
                              )
                              )
               v.             )    CRIMINAL ACTION
                              )     04-10098-WGY
Christopher Custer            )
                              )
                              )
                              )
_____)
```

## REPORT

YOUNG, D.J.                                    November 19, 2010

On October 28, 2010, the First Circuit retaining jurisdiction, remanded the matter of <u>United States</u> v. <u>Custer</u> to this Court to report on two questions, namely: 1) Why did this Court grant leave to appeal; and 2) on what basis did this Court deny Custer's motion for re-sentencing under 18 U.S.C. § 3582(c)(2). This Court answers the questions as follows.

1. While appeals in criminal proceedings are not guaranteed by the Constitution, they provide a vital safeguard for criminal defendants from erroneous convictions. <u>See</u> <u>Jones</u> v. <u>Barnes</u>, 463 U.S. 745, 757 n.1 (Brennan, J., dissenting). That principle holds true in this Court and causes it to read expansively the statutes and rules governing appeals to the end that no

meritorious claim is ever denied a appellate hearing.

Custer, in 2006, was given a below-guideline sentence as a conspirator in a crack-cocaine drug ring. In February, 2008, Custer moved to reduce under 18 U.S.C. § 3582 due to the retroactive changes made to the Sentencing Guidelines applicable to crack-cocaine convictions. This Court denied the motion on September 28, 2009. Custer then, on November 19, 2009 filed a motion for leave to appeal. This Court granted Custer's motion.

Custer's motion for leave to appeal was filed 52 days after the order denying re-sentencing. Federal Rule of Appellate Procedure 4 governs the time an appellant has to file, in the district court, a notice of appeal. Rule 4(a)(1)(B) governs civil proceedings where the government is a party and gives the appellant 60 days to file a notice of appeal. Rule 4(b)(1)(A) gives the appellant 14 days to file a notice in all criminal matters. Both provisions provide for a possible extension of 30 days. See Fed. R. App. P. 4(a)(5), 4(b)(4). Thus, if Custer's appeal was governed by Rule 4(a)(1)(B) he had 90 days to appeal; if his motion was governed by Rule 4(b)(1)(A) he had 44 days.

Although the First Circuit has not ruled explicitly on whether re-sentencing under 18 U.S.C. § 3582 is a criminal or civil matter[1], this Court agrees with ten other circuits who have

---

[1] The First Circuit's remand to this Court in this case implies that these matters are governed by Rule 4(b) and its maximum forty day filing period.

2

decided that such re-sentencing is a criminal matter governed by Rule 4(b). See United States v. McCalister, 601 F.3d 1086, 1087 (10th Cir. 2010); United States v. Goodwyn, 596 F.3d 233, 235 note (4th Cir. 2010); United States v. Byfield, 522 F.3d 400, 402 (D.C. Cir. 2008) (per curium); United States v. Benanti, 137 F. App'x. 479, 480-81 (3d Cir. 2005) (per curium); United States v. Damon, 59 F. App'x. 619, 621 (6th Cir. 2003); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curium); United States v. Arrango, 291 F.3d 170, 171-72 (2d Cir. 2002) (per curium); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (per curium); United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996) (per curium); United States v. Ono, 72 F.3d 101, 102-03 (9th Cir. 1995) (per curium).

The timing requirements of Rule 4(b), however, are considered non-jurisdictional "claim-processing rules" and are thus waivable if not raised by the government. See Kontrick v. Ryan, 540 U.S. 443, 455-56 (2004); see also Eberhart v. United States, 546 U.S. 12, 15 (2005) (per curium). See also United States v. Sadler, 480 F.3d 932, 934 (9th Cir. 2007) ("[P]rocedural rules formerly referred to as mandatory and jurisdictional may be, instead, simply inflexible claim-processing rule[s], mandatory if invoked by a party but forfeitable if not invoked. . . . [W]e conclude that Rule 4(b) is not jurisdictional but, instead, is forfeited if not invoked."

3

(internal quotation marks omitted)).

Because of the non-jurisdictional nature of Federal Rule of Appellate Procedure 4(b), a failure by the government to object to the timeliness of Custer's motion would permit this Court to allow the motion for leave to appeal. See Sadler, 480 F.3d at 340. ("[W]e hold that the timeliness dictates of Rule 4(b), governing criminal appeals like the one at bar, are subject to forfeiture by unvigilant parties."); see also Dolan v. United States, 130 S. Ct. 2533, 2535 (2010) ("Other deadlines are claims-processing rules, which do not limit a court's jurisdiction, but regulate the timing of motions or claims brought before the court. Unless a party points out that another litigant has missed such a deadline, the party forfeits the deadline's protection." (internal quotations marks omitted)); United States v. Garduno, 506 F.3d 1287, 1290-91 (10th Cir. 2007); United States v. Martinez, 496 F.3d 387, 388-89 (5th Cir. 2007) (per curium). Accord United States v. Hernandez-Rodriguez, 443 F.3d 138, 150 (1st Cir. 2006) (Howard, J. dissenting) (citing Eberhart, 546 U.S. at 13-18).

Here, the government never objected to Custer's untimely motion. In fact, as the First Circuit acknowledges "[t]he parties agree[d] that the apparent untimeliness of the appeal is a non-jurisdictional barrier to review." United States v. Custer, No. 09-2629 (1st Cir. entered Oct. 28, 2010). As the Supreme

4

Court has pointed out, Rule 4(b) is still mandatory, but only if the untimeliness is brought to the attention of the Court. See Saldler, 480 F.3d at 940 "[The Supreme Court] dismissed the untimely appeal because it was mandatory to do so once lack of timeliness was invoked, not because it was jurisdictionally required." Sadler, 480 F.3d at 340. Because the government never objected to Custer's motion, it waived the application of Rule 4(b). Accordingly, this Court retained the power to grant Custer's motion and did so even though the requisite forty-four days under Rule 4(b) elapsed.

2. Next the First Circuit asked this Court to clarify whether it disclaimed the power to afford relief or whether it had acted in its own discretion to deny relief under 18 U.S.C. § 3582(c)(2). This Court exercised its discretion when it denied Custer's motion for re-sentencing. See United States v. Perez-Cruz, 558 F.3d 50, 52 (1st Cir. 2009) (per curium). United States Code section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court <u>may reduce</u> the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, this Court was "free, although not obliged, to re-compute the [defendant's]

5

sentence." Perez-Cruz, 558 F.3d at 52.

Before exercising its discretion, this Court must have the jurisdictional power to act. For this Court to act "it must satisfy itself that the original sentence was 'based on a sentencing range that has subsequently been lowered.'" United States v. Caraballo, 552 F.3d 6, 9 (1st Cir. 2008)(quoting 18 U.S.C. § 3582(c)(2)); see also United States v. Tejeda, 550 F. Supp. 2d 204, 206 (D. Mass. 2008) ("[T]he Sentencing Commission has stated that a 'reduction in the defendant's term of imprisonment is not consistent with [its] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [a retroactive amendment to the Sentencing Guidelines] does not have the effect of lowering the defendant's applicable guideline range.'"(quoting U.S.S.G. § 1B1.10(a)(2)(B)) (alterations in original)). Here, this Court accepted Custer's plea that he conspired to possess with intent to distribute over 50-grams of cocaine base Mem. Supp. Mot. Reduce Sentence 2, ECF No. 266. Custer later admitted that he was responsible for at least 1.5 kilograms of cocaine base. United States/Def's Mot. Opp'n Reduce Sentence 1, ECF No. 268. His original sentencing range was 324-405 months upon a base offense level of 38. See Tr. Custer Disposition 42, ECF No. 193. Currently, a conviction for an offense that involves between 1.5 kilograms and 4.5 kilograms calls for a range of 262-327 months. Although Custer's term of

imprisonment now falls squarely within the new advisory guidelines range, this Court was permitted to entertain Custer's motion because the original guideline range was higher than the new range. See Caraballo, 552 F.3d at 11 (stating that even if a sentence was below the original sentencing guideline range, any retroactive change should be measured from the original range and not from the reduced range).

This Court possesses a wide degree of discretion regarding the re-sentencing of Custer under 18 U.S.C. § 3582(c)(2). This Court's discretion, however, was tempered by the policy that "even when a defendant has established his eligibility for a sentence reduction under section 3582(c)(2) 'a further reduction would generally not be appropriate' if the original sentence is a downwardly variant non-guideline sentence." Caraballo, 552 F.3d at 11 n.3 (quoting U.S.S.G. § 1B1.10(b)(2)(B)).

Section 3553(a) of Title 18 provides a list of factors to consider in weighing a potential sentence reduction. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the

>     defendant; and
>
>     (D) to provide the defendant with needed educational or
>     vocational training, medical care, or other
>     correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> . . .
>
> (5) any pertinent policy statement--
>
>     (A) issued by the Sentencing Commission pursuant to
>     section 994(a)(2) of title 28, United States Code,
>     subject to any amendments made to such policy statement
>     by act of Congress (regardless of whether such
>     amendments have yet to be incorporated by the
>     Sentencing Commission into amendments issued under
>     section 994(p) of title 28); and
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among
> defendants with similar records who have been found guilty
> of similar conduct; and
>
> (7) the need to provide restitution to any victims of the
> offense.

18 U.S.C. § 3553(a). Here, Custer was involved in a large scale crack-cocaine operation that operated along the corridor from New York City to Boston. During Custer's sentencing, this Court stated:

> You were at the very center of a significant drug
> trafficking operation in crack-cocaine, one of the
> most addictive and harmful substances know to our
> society. What's more you involved your girlfriend
> in this illegal conduct . . . . You have a lengthy
> criminal record. You have in the courts of the
> Commonwealth been given chance after chance. This
> Court imposes this sentence consistent with, first,
> what I believe to be the congressional objectives
> set forth in section 3553(a) and as the First

> Circuit requires giving primary emphasis to the sentencing guidelines as set forth by the sentencing commission.

Tr. Custer Disposition 58. In considering Custer's motion to amend his sentence, none of the underlying facts had been called into question; and this Court, in the exercise of its sound discretion, adhered to its reasoning set forth above. In light of the Sentencing Commission's policy against reducing a downwardly variant non-guideline sentence and the factors set forth in 18 U.S.C. § 3553(a) this Court denied Custer's motion.

**RESPECTFULLY SUBMITTED.**

                                          /s/ William G. Young
                                          **William G. Young**
                                          **District Judge**